# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2018, 9:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Fisher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 30, 2018

Court of Appeals Case No.
49A04-1708-CR-1856

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49G17-1707-CM-24454

**Najam, Judge.**

# Statement of the Case

Gregory Fisher appeals his convictions for domestic battery, as a Class A misdemeanor, and battery, as a Class A misdemeanor, following a bench trial. Fisher raises a single issue for our review, namely, whether the State presented sufficient evidence to support his convictions. We also consider the following issue: whether Fisher's two convictions for the same act violate Indiana's prohibitions against double jeopardy.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

In July of 2017, Fisher and Christine Thomas lived together in Indianapolis and were in a relationship. Thomas had lived with Fisher "[o]n and off for about a year." Tr. Vol. 2 at 7. On July 3, Fisher, Thomas, and Thomas's daughter, Lorrie, had dinner at a restaurant. There, Fisher became belligerent and began yelling at Thomas and Lorrie and calling them vulgar names. Thomas and Lorrie left the restaurant and returned to Thomas' residence.

About an hour later, Fisher arrived. He "was beating on the door, calling us names, threatening us, [and] . . . being . . . belligerent." *Id.* at 10. Thomas refused to let Fisher in the residence and instead called the police. The police arrived thereafter and told Fisher that she "had every right to stay behind that door until [she] felt safe." *Id.* The police then left.

An hour after the police left, Fisher climbed into the residence through a living room window. Inside, Fisher again screamed at Thomas and Lorrie. He then threw an ashtray at Thomas and hit her, which left a bruise on her leg. He also grabbed Thomas by her arm, which caused her pain, redness, and bruising. Thomas grabbed a nearby golf club and hit Fisher with it. Fisher then "ran out the door" and told Thomas she "was going to go to jail." *Id.*

Thomas called the police, who thereafter arrived and arrested Fisher. The State charged Fisher, in relevant part, with one count of domestic battery, as a Class A misdemeanor, and one count of battery, as a Class A misdemeanor. Specifically, the State charged Fisher with domestic battery for "grabbing and squeezing Christina Thomas' arm," and the State charged Fisher with battery for "grabbing and squeezing Christina Thomas' arm." Appellant's App. Vol. II at 17. After a bench trial, the court found Fisher guilty on those two counts. The court entered its judgment of conviction and sentenced Fisher accordingly. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

Fisher asserts on appeal that the State failed to present sufficient evidence to support his convictions. "Our standard of review is deferential to the factfinder: 'we consider only the evidence and reasonable inferences most favorable to the convictions, neither reweighing evidence nor reassessing witness credibility.'" *Taylor v. State*, 86 N.E.3d 157, 163 (Ind. 2017) (quoting *Griffith v. State*, 59

N.E.3d 947, 958 (Ind. 2016)). "We will reverse only if no reasonable factfinder could find [the defendant] guilty." *Id.* at 163-64.

[8] According to Fisher: "[t]here was an insufficient amount of evidence to support these convictions for Domestic Battery and Battery to Christine Thomas where she was the actual batterer." Appellant's Br. at 6. Fisher continues: "the elements of the crime[s] . . . pertain equally to the actions of" Fisher and Thomas. *Id.* at 7. Fisher further asserts that "this house was [his] and he had every right to be there and should not be prevented from going into his own house." *Id.* at 8. That is, Fisher says that "[h]e is the true victim . . . ." *Id.*

[9] We reject Fisher's arguments on appeal. The evidence most favorable to the trial court's judgment demonstrates that Fisher committed domestic battery, as a Class A misdemeanor, when he knowingly or intentionally grabbed Thomas, who was a household member, in a rude, insolent, or angry manner. *See* Ind. Code § 35-42-2-1.3(a)(1) (2017). The evidence further shows that Fisher committed battery, as a Class A misdemeanor, when he knowingly or intentionally grabbed Thomas in a rude, insolent, or angry manner, which resulted in bodily injury to Thomas in the form of pain and bruising. *See* I.C. § 35-42-2-1(c)(1), (d)(1); *see also* I.C. § 35-31.5-2-29 ("Bodily injury" includes "physical pain"). Fisher's arguments on appeal simply seek to have this Court disregard the evidence most favorable to the trial court's judgment and, in the place of that evidence, rely on evidence Fisher prefers, which we cannot do. Accordingly, the State presented sufficient evidence to support Fisher's convictions.

## *Issue Two: Double Jeopardy*

[10] Indiana has "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test[s] set forth" under the Fifth Amendment to the United States Constitution or Article 1, Section 14 of the Indiana Constitution. *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). One of those categories prohibits "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished." *Id.* (quoting *Richardson v. State*, 717 N.E.2d 32, 56 (Ind. 1999) (Sullivan, J., concurring)). For example, our Supreme Court has prohibited "a battery conviction" where "the information showed that the identical touching was the basis of a second battery conviction." *Id.* (discussing *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring)).

[11] Here, the information shows that the same touching was the basis for both Fisher's conviction for domestic battery and his conviction for battery. Accordingly, he may not be convicted on both charges. *Id.* We reverse his conviction for battery, as a Class A misdemeanor, and remand with instructions for the trial court to vacate that conviction.

[12] Affirmed in part, reversed in part, and remanded with instructions.

Mathias, J., and Barnes, J., concur.